**CENTRAL VALLEY MANAGEMENT CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 7454.

United States District Court
N. D. California, N. D.

June 20, 1958.

Seaman & Dick, Stockton, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., and Lynn J. Gillard, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HALBERT, District Judge.

Central Valley Grocers, Inc. (hereinafter referred to as Grocers), a California corporation engaged in the wholesale grocery business, transferred its real property, together with related prepaid expenses, to Central Valley Management Corp., plaintiff herein, on January 2, 1951. Concurrently the building involved was leased back to Grocers.

Subsequently both plaintiff and Grocers availed themselves of the surtax exemption and the minimum excess profits tax credit provided for, respectively, by §§ 15(b) and 431 of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 15(b), 26 U.S.C.A. Excess Profits Taxes, § 431. On December 30, 1955, the Commissioner disallowed the above mentioned exemption and credit taken by plaintiff, assessing a deficiency for the three years beginning with 1951, which, together with interest, totaled $35,644.13.

Plaintiff paid said assessment in full on February 2, 1956, and on February 7, 1956, filed claim for refund of said payment. The refund claim was disallowed by the Commissioner, and plaintiff brought suit in this Court for refund of the total tax and interest paid, together with interest as provided by law (28 U.S.C.A. § 1346(a)).

The Commissioner based his initial disallowance on § 15(c) of the Internal Revenue Code of 1939. As the parties have stipulated to all of the statutory conditions precedent contained therein (To-wit: That Grocers transferred property to plaintiff after January 1, 1951; that plaintiff was created for the purpose of acquiring such property; that plaintiff was not actively engaged in business at the time the property was acquired by it; and that after such transfer the stockholders of Grocers were in control of plaintiff for all taxable years involved in this action.), the only issue before this Court is whether or not a "major purpose" of the transfer

from Grocers to plaintiff was the securing of the exemption from surtax provided in § 15(b), or the minimum excess profits credit provided in § 431 (Internal Revenue Code of 1939).

Evidence introduced by plaintiff tended to show, *inter alia,* that the transfer was motivated by Grocers' tight financial situation, and that after the transfer Grocers' net cash requirements were reduced and credit was more readily available.

Plaintiff admitted that the tax consequences of its formation were considered, but asserted that this arose primarily out of the fact that losses could not be offset from one corporation to the other. Plaintiff, however, actually introduced no evidence to indicate to what extent the possible tax benefits to be derived from the transfer influenced Grocers' decision to form plaintiff.

In such a situation as here exists, § 15(c) shifts the burden of proof to plaintiff. Plaintiff is obliged to show that the action of the Internal Revenue Service in disallowing the exemption was incorrect, and the action of the Internal Revenue Service must be sustained "unless such transferee corporation [the plaintiff] shall establish *by the clear preponderance of the evidence* that the securing of such exemption or credit was not a major purpose of such transfer" (Emphasis by the Court).

After careful consideration of all evidence adduced at the trial, relevant to the formation of plaintiff and the transfer of Grocers' property to it, it is this Court's opinion that plaintiff has failed to sustain the burden of proof placed upon it by the law. Judgment must, therefore, be for the defendant.

It Is, Therefore, Ordered that judgment be for defendant in this case. Plaintiff will take nothing. Defendant will prepare findings of fact and conclusions of law and a form of judgment, together with any and all other documents necessary to complete the disposition of this case, and lodge said documents with the Clerk pursuant to the applicable law and rules of this Court.